STATE OF MAINE                                     UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                                         No. CR-16-5790


STATE OF MAINE

v.                                                          ORDER

ROBERT WALKER,

        Defendant


A hearing was held on defendant's motion to suppress on March 7, 2017. The issue presented is whether Trooper Robert Burke had a reasonable articulable suspicion on September 20, 2016 to stop a vehicle in which defendant Robert Walker was a passenger. The vehicle in question, driven by Walker's brother, was travelling northbound on Interstate 295 in Portland at the time.

The basis for the stop as stated by Trooper Burke was that the Walker vehicle had committed a traffic infraction by violating 29-A M.R.S. § 2054(9), which provides that the operator of a vehicle passing a stationary police vehicle flashing its emergency lights "with due regard to the safety and traffic conditions" shall:

> A. Pass in a lane not adjacent to that of the [police] vehicle, if possible; or
>
> B. If passing in a nonadjacent lane is impossible or unsafe, pass the [police] vehicle at a careful and prudent speed reasonable for passing the [police] vehicle.

The stop of the vehicle led to the arrest of Robert Walker when it was determined that he had an outstanding warrant. Thereafter, when Walker was taken to the Cumberland County Jail, he was found to be in possession of the drugs that are the basis for the charges against him.[1]

The court finds as follows:

On September 20, 2016 Trooper Burke was stopped in the northbound breakdown lane on Interstate 295 in Portland. At that time Trooper Burke had just allowed another vehicle that he had pulled over to proceed when he observed the vehicle driven by David Walker in which Robert Walker was a passenger.

The parties introduced the first 3 minutes of a cruiser video of the stop of Walker's vehicle as Joint Ex. 1. The video begins while Trooper Burke was still stopped in the breakdown lane, 35 seconds before he turned on his blue lights. The first photograph in State's Exhibit 1 – a series of screen grabs from the video – shows that Trooper Burke was stopped just to the south of the first northbound on-ramp from Forest Avenue.[2]

Trooper Burke's cruiser was flashing its emergency lights when he observed the Walker vehicle, At that location Interstate 295 has two northbound lanes, and the Walker vehicle was travelling in the right hand lane closest to the breakdown lane (the so-called "travel lane," as opposed to the left hand "passing lane"). Looking back in his side mirror as he prepared to pull out of the breakdown lane, it appeared to Trooper Burke that although the Walker vehicle could have safely slowed down and moved into the passing lane to comply with § 2054(9)(A), it did not do so. The video and the still photos in State's Ex. 1 corroborate the reasonableness of

---

[1] Walker is charged with Aggravated Trafficking in cocaine base. This charge appears to be based on the quantity of cocaine base allegedly found on his person and is elevated to an alleged Class A offense because the State is alleging that Walker has a prior trafficking conviction in 2012. Walker is also charged with Class C Trafficking in Prison Contraband.

[2] On a map of the area marked as Defense Ex. 1, trooper Burke placed an 'X" at the approximate location where he was stopped in the breakdown lane.

Trooper Burke's belief that there was a considerable space in the passing lane that the Walker vehicle could have safely moved into if it had braked or slowed down to avoid a black sedan that was travelling in the passing lane shortly in advance of the Walker vehicle.

The court does not credit the testimony of David Walker that he would have had to let three cars pass in order to move into the passing lane and did not have time to do so. The cruiser with its flashing lights in the breakdown lane would have been visible to the oncoming Walker vehicle for a sufficient distance that David Walker could have safely slowed or braked in order to move into the passing lane while avoiding the black sedan. Although he stayed in the travel lane, David Walker did move as far over from the breakdown lane as possible when he was passing the cruiser.

The defense points out that the video shows that other vehicles had passed Trooper Burke's cruiser in the travel lane before the Walker vehicle went by. The video shows, however, that, with one possible exception, all of those vehicles were hemmed in by cars abreast of them in the passing lane and could not have moved over. One vehicle appears to have had space to move into the passing lane if it had slowed down but it was likely that Trooper Burke did not see that vehicle because he was still completing paperwork from the prior vehicle stop at that time, After the Walker vehicle passed, two other vehicles came by while Trooper Burke was preparing to pull out but the video shows both of those vehicles were returning to the travel lane after pulling over into the passing lane.

Once Trooper Burke saw the Walker vehicle commit what he perceived to be a violation of § 2954(9)(A), he pulled out and followed the Walker vehicle, turning on his blue lights and stopping the Walker vehicle just north of the northbound onramp from the Franklin Street Arterial. Shortly after Trooper Burke approached the Walker vehicle, he asked if the driver knew

3

why he had been stopped.[3] Apparently receiving a negative answer, Trooper Burke explained that cars are required to move into the passing lane to avoid police cruisers with emergency lights flashing. David Walker's response is not fully audible but he appears to have said that he tried to change lanes but that another car was "right there."

The Trooper then responded, "All right, I'll just give you a warning." David Walker then appears to have repeated something to the effect that he could not have moved into the passing lane, and Trooper Burke responded, "It just didn't appear to me like you . . . I thought you could." Burke then said that he would give Walker the benefit of the doubt, having already stated that he was only going to issue a warning. Burke then proceeded to request the identities of the passengers, a process that eventually led to Robert Walker's arrest.

The defense argues that in saying that he would give David Walker the benefit of the doubt, Trooper Burke was agreeing that there was no basis for the stop. However, Trooper Burke's response to David Walker's statement that he could not have moved over – "I thought you could" – demonstrates that the trooper was adhering to his belief that there had been a violation of § 2054(9)(A) even though he agreed that a judgment call was involved and only intended to issue a warning.

On this motion the State bears the burden of proof by a preponderance of the evidence to demonstrate that Trooper Burke had an objectively reasonable articulable suspicion that a traffic infraction had occurred. *E.g., State v. Sylvain,* 2003 ME 5 ¶ 7, 814 A.2d 984. Based on the findings recited above, the court concludes that the State has proven by preponderance that when Trooper Burke stopped the Walker vehicle, he had an objectively reasonable belief that a traffic

---

[3]Joint Ex. 1 includes audio of the stop, but the statements made by David Walker to the Trooper during the portion of the video that was played are not entirely audible.

4

infraction had occurred because it would have been possible for the Walker vehicle to have safely passed Trooper Burke's cruiser by moving to a nonadjacent lane.

Because the court finds reasonable articulable suspicion in this case, it does not need to consider whether, even if the stop had been invalid, the existence of the arrest warrant would prevent the application of the exclusionary rule under the U.S. Supreme Court's decision in *Utah v. Strieff*, 136 S.Ct. 2056 (2016).[4]

Defendant's motion to suppress is denied.

Dated: March _9_, 2017

                                                                Thomas D. Warren
                                                                Justice, Superior Court

---

[4] The State did not raise any argument under *Strieff*, and the court only became aware of the *Strieff* decision after the hearing.

STATE OF MAINE          STATE OF MAINE    UNIFIED DOCKET
CUMBERLAND, SS. Cumberland. ss, Clerk's Offi CRIMINAL MATTER
                        JAN 03 2017    DOCKET NO:  CUMCD-CR-16-5790

                        RECEIVED

STATE OF MAINE                    *    MOTION TO SUPPRESS &
                                  *    INCORPORATED MEMORANDUM
VS.                               *    AT LAW
                                  *
ROBERT D. WALKER                  *

1. State police on I-295 stopped a vehicle for violating Maine's "Move Over Statute" 29-A Sect. 2054-9. The officer writes in his report that the vehicle had "plenty of room and time" to pull over.

2. For an officer to pull over a vehicle, he/she must have a "reasonable and articulable" justification, that there is a safely concern, suspicion that a crime is being committed or that a traffic infraction is being committed.

3. In this case, the trooper's video shows this incident unfold. The video shows considerable traffic and several other vehicles that engage in exactly the same failure to "move over". The move over statute specifies that moving over must be possible in a safe manner. The trooper in his report states "the target vehicle had plenty of room and time to pull into the (passing lane)".

4. However, a review of the video belies this statement. It is evident the "target" vehicle had another vehicle almost directly to his left, and pulling into the passing lane would have been imprudent. In fact, the "target" vehicle did ease over to its left as much as was possible given the traffic conditions, thereby attempting to give the trooper and his cruiser a reasonably wide berth. Perhaps Defendant's

vehicle indeed was targeted by the officer, possibly because in the passenger seat sat an African American male.

WHEREFORE, Counsel requests the stop be deemed unconstitutional and the arrest and discovery of contraband all be deemed fruit of the poisonous tree and excluded at trial.

Dated at Lewiston, Maine, this 2nd day of December 2016

_Allan Lobozzo_

Allan E. Lobozzo, Esq.
Maine Bar No: 3893
Attorney for Defendant Robert D. Walker

Allan E. Lobozzo, Esq.
500 Main Street
P.O. Box 957
Lewiston, ME 04243-0957
(207) 333-3891